```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT CHARLESTON
```

JOHN STEVEN LEROSE and
REBECCA LAUREN LEROSE-SWEENEY and
FRANK GIGLIOTTI and
EUGENE FRANCIS CONNELLY

    Plaintiffs

v.                                 Civil Action No.: 2:03-2372

THE UNITED STATES OF AMERICA
and WILLIAM COGER

    Defendants

## MEMORANDUM OPINION AND ORDER

Pending are motions filed by defendant, the United States of America, (1) for an extension of time to file declarations by Ray Briggs and Denise Gotlieb, (2) to reconsider the court's order of October 20, 2004, and (3) for dismissal and/or summary judgment.  The motions were filed respectively on November 12, October 22, and October 14, 2004.  The court ORDERS that the motion for an extension of time be, and the same hereby is, granted.

I.

Plaintiffs instituted this action on November 19, 2003. The complaint alleges that Defendant William Coger, while

employed as a correctional officer at FCI Morgantown, attempted to extort money and property from plaintiff John Steven LeRose, then an inmate at the institution. (Compl. ¶¶ 15-20.) With LeRose's assistance to law enforcement, Coger eventually became the victim of a sting operation and was subsequently convicted of extortion and attempted extortion. (Id. ¶ 23.)

Plaintiff Rebecca Lauren LeRose-Sweeney was often approached by Coger when visiting John Steven LeRose, her father, while he was incarcerated at FCI Morgantown. (Id. ¶ 28.) Coger repeatedly harassed Ms. LeRose-Sweeney and propositioned her on numerous occasions. (Id.) Plaintiffs Frank Gigliotti and Eugene Francis Connelly were also victimized by Coger. (Id. ¶¶ 32-37.) Mr. Gigliotti was forced to engage in job-hunting activities for Coger and to secure football tickets for him. (Id. ¶¶ 35, 37.) Mr. Connelly was physically assaulted by Coger on one occasion and also received various threats from him. (Id. ¶¶ 41, 43.)

The complaint alleges the tort of outrage, negligent hiring and supervision, and an Eighth Amendment civil rights claim. (Id. ¶¶ 46-60.) Plaintiffs later moved to amend the complaint by adding an additional party, Ronald Amati. Plaintiffs assert Mr. Amati's claims arose "out of the same pattern of extortion and attempted extortion and the same

negligence by the BOP" as currently alleged in the complaint. (Mot. to Amend at 1.)

Mr. Amati asserted he was last victimized by Coger on June 30, 2001. (Prop. Am. Compl. ¶ 48.)  Mr. Amati, however, did not file an administrative claim with the Bureau of Prisons until April 29, 2004.  (Defs.' Supp. Memo., ex. A at 1.)  On May 13, 2004, the Bureau of Prisons denied the claim because it was filed beyond the two-year limitations period.  See 28 U.S.C. § 2401(b).

Defendants opposed the amendment on futility grounds. (Def.'s Memo. in Oppos. at 3.)  They asserted Mr. Amati's "claim is time-barred by 28 U.S.C. § 2401(b) because his administrative claim was submitted more than two years after the alleged misconduct." (Id.)  In reply, plaintiffs relied upon application of the discovery rule and also asserted that even if Mr. Amati's claim against the government was barred, his claims against Coger survive.  (Pls.'s Reply at 2.)

On September 28, 2004, plaintiffs moved to extend discovery.  On October 14, 2004, the government moved to dismiss and/or for summary judgment.  On October 20, 2004, the court granted both the motion to extend discovery and to add Mr. Amati's claims.  On October 22, 2004, the government moved for reconsideration of the October 20, 2004, order.

II.

A.   The Motion to Reconsider

The government first asserts the court lacked subject matter jurisdiction to permit amendment of the complaint because Mr. Amati did not exhaust his administrative remedies prior to the service and filing of the motion to amend.  The government also contends Mr. Amati should have been required to file a new action rather than joining this case via an amended complaint.

As noted in the October 20, 2004, order, plaintiffs filed the motion to amend the complaint initially on April 28, 2004.  At that time, Mr. Amati had not yet exhausted his administrative remedies with the Bureau of Prisons.  On May 13, 2004, the administrative process concluded.  Plaintiffs then moved to withdraw their first motion to amend and filed a new motion to amend after the May 13, 2004 claim denial.  In granting the motion to withdraw and the later-filed motion to amend, the court observed as follows:

> The motion to withdraw was filed in order to avoid a perceived procedural obstacle to consideration of the April 28, 2004, motion to amend.  The April 28 motion was filed at a time when the administrative claims process relating to Mr. Amati was incomplete.  Defendants took the position that the filing of the

> motion was premature under such circumstances and that the motion was not subject to resolution on its merits. To avoid the potential procedural obstacle, plaintiffs sought to withdraw the April 28 motion and replace it with the May 27, 2004, motion, the latter of which was filed after conclusion of the administrative process.

LeRose v. United States, No. 2:03-2372, slip op. at 5 n.3 (S.D. W. Va. Oct. 20, 2004).

The government cites several cases in support of reconsideration. None of these cases, however, involve a factual scenario even remotely similar to this one. Neither McNeil v. United States, 508 U.S. 106 (1993), nor Plyler v. United States, 900 F.2d 41 (4th Cir. 1990), involved motions to amend. Instead, the cases stand only for the unremarkable proposition that "[t]he FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." McNeil, 508 U.S. at 113; Plyler, 900 F.2d at 42 (involving post-suit administrative claim and the court of appeals holding: "Since the district court had no jurisdiction at the time the action was filed, it could not obtain jurisdiction by simply not acting on the motion to dismiss until the requisite period had expired.").

Each of the other cases relied upon by the government are both inapposite and rendered by courts outside of this

5

circuit.[1]  In one of those cases, <u>Sparrow v. United States Postal Serv.</u>, 825 F. Supp. 252 (E.D. Cal. 1993), the plaintiff filed his complaint prior to allowing the affected agency to resolve his administrative claim.  He then later sought to amend the complaint following disposition of his administrative claim.  Under these circumstances, the district court was never seized of subject matter jurisdiction due to the premature filing of the complaint.  <u>Sparrow</u>, 825 F. Supp. at 254 ("If the claimant is permitted to bring suit prematurely and simply amend his complaint after denial of the administrative claim, the exhaustion requirement would be rendered meaningless.").

      Another case cited by the government, <u>Duplan v. Harper</u>, 188 F.3d 1195 (10th Circ. 1999), is to the same effect.  <u>Id.</u> at 1199 ("We agree with the <u>Sparrow</u> court's conclusion that, as a general rule, a premature 'complaint cannot be cured through amendment, but instead, plaintiff must file a new suit.'") (quoting <u>Sparrow</u>, 825 F. Supp. at 255).[2]  The decisions in

---

[1]The government also cites two unpublished decisions from other jurisdictions.  To the extent those decisions are relevant, they do not constitute precedent.

[2]The decision in <u>Duplan</u> actually contradicts the government's position that an FTCA action may only be commenced by filing a new complaint:

(continued...)

Sparrow and Duplan did not deal with a motion to amend filed in an existing case where the original plaintiffs had properly exhausted their administrative remedies prior to instituting the action.  Those cases also did not involve the filing of such a motion after the administrative process had concluded as to the proposed, new plaintiff.[3]  Accordingly, the cited authorities do

---

> [2](...continued)
> [T]he Duplans' filing of the amended complaint was treated by the parties and the court as the institution of a new suit against the government. Cf. McNeil, 508 U.S. at 110 n. 5, 113 n. 9, 113 S.Ct. 1980 (implying that new action may in certain circumstances be instituted by document other than new complaint); Hyatt v. United States, 968 F. Supp. 96, 99-100 (E.D.N.Y.1997) (implicitly acknowledging that filing of amended complaint may in certain circumstances be sufficient to institute new action); Ellis v. Hanson Natural Resources Co., 857 F. Supp. 766, 771 (D. Or. 1994) (implying that filing of amended complaint may in certain circumstances be sufficient to institute new action), aff'd, 70 F.3d 1278 (9th Cir. 1995) (unpublished). Because the government expressly agreed to the procedure employed by the district court, the filing of the amended complaint was properly construed as instituting a new action against the government. Since the Duplans exhausted their administrative remedies before filing this amended complaint, the district court had subject matter jurisdiction over the Duplans' FTCA claim.

Duplan, 188 F.3d at 1199-1200.

[3]For the first time in its reply brief, the government cites Schneider v. Kissinger, 310 F. Supp.2d 251 (D.D.C. 2004).  This decision, too, is both non-binding and inapposite.  Id. at 270 (stating simply that since "the initial complaint met the definition of the FTCA for 'a claim against the United States'
(continued...)

not justify reconsideration of the October 20, 2004, order.[4]  The court ORDERS that defendant's motion for reconsideration be, and the same hereby is, denied.

B.   The Motion to Dismiss and/or for Summary Judgment

On October 14, 2004, the government moved for dismissal and/or for summary judgment.  Plaintiffs responded to the motion and also filed an affidavit from defense counsel, Benjamin L. Bailey, concerning the need for discovery:

> 2.   Plaintiffs require discovery to fairly respon[d] to a Motion for Summary Judgment.  Plaintiffs need the government to respond to discovery they have already served and need the government's cooperation in scheduling depositions of its witnesses.

---

[3](...continued)
under § 2675(a)[,] it was necessary for the plaintiffs to complete the administrative process before coming to court.")

[4]The court also notes the government's argument that Mr. Amati's claim is barred by the two-year limitations period contained in the FTCA.  The court addressed this argument previously in the October 20, 2004, order, citing Booth v. State of Md., 112 F.3d 139 (4th Cir. 1997).  LeRose, No. 2:03-2372, slip op. at 4, n.2.  Although the government may prevail on its present argument at summary judgment, the court adheres to its prior ruling at this early stage of the litigation.  As noted in the October 20, 2004, order, Mr. Amati's claims are not clearly futile such that the amendment should not be granted.  This is especially so given the recent suggestion by plaintiffs concerning a "cover-up" relating to Coger's misconduct.  (See Pls.' Resp. at 4.)  The government may raise the limitations issue anew following discovery.

>    3.   Plaintiffs need to probe the issues of the employment, hiring, retention, supervision, transfer to FCI Morgantown and any and all reports of misconduct on the part of William Coger. Additionally, Plaintiffs wish to explore any evidence the government will present in response to the Plaintiffs' claims for damages.

(Ex. A, Pls.' Resp.)[5]

In the October 20, 2004, order, the court deemed a modification of the scheduling order necessary in view of the addition of Mr. Amati as a plaintiff and the fact very little discovery had taken place because plaintiffs were awaiting a decision on the motion to amend. Those same grounds, along with those set forth in Mr. Bailey's affidavit, exist presently.

Accordingly, the court will enter a revised scheduling order forthwith. The court ORDERS the government's motion for dismissal and/or for summary judgment be, and the same hereby is, denied without prejudice pending the completion of discovery.[6]

---

[5] The parties previously engaged in a plenary period of discovery, without any limitation on its scope. Without objection, that same approach is appropriate during the extended period to be set out in the forthcoming revised scheduling order.

[6] The government has requested sixty (60) days to respond to the amended complaint. In view of Rule 12(a)(3), Federal Rules of Civil Procedure, the court will factor the sixty (60) day period into the forthcoming scheduling order. If plaintiffs have not yet done so, they are directed to serve the amended complaint no later than June 16, 2005.

III.

Based on the foregoing, the court ORDERS that defendant's motion for reconsideration be, and the same hereby is, denied.  The court further ORDERS that the government's motion for dismissal and/or for summary judgment be, and the same hereby is, denied without prejudice pending the completion of discovery.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record.

DATED: June 2, 2005

_____
John T. Copenhaver, Jr.
United States District Judge