UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

JOHN STEVEN LEROSE and
REBECCA LAUREN LEROSE-SWEENEY and
FRANK GIGLIOTTI and
EUGENE FRANCIS CONNELLY and
RONALD AMATI,

     Plaintiffs

v.                           Civil Action No.: 2:03-2372

WILLIAM COGER

     Defendant

MEMORANDUM OPINION AND ORDER

     Pending is plaintiffs' motion for entry of final judgment with respect to fewer than all parties, filed January 26, 2007.

I.

     On May 17, 2006, the court dismissed those counts of the first amended complaint pled against the government.  The ruling left only the claims pled against pro se defendant William Coger.  On July 21, 2006, the court granted plaintiffs' motion to continue trial as to Coger pending their appeal of the May 17, 2006, memorandum opinion.  On July 13, 2006, plaintiffs noticed

an appeal of the May 17, 2006, ruling.  On December 18, 2006, the appeal was dismissed for lack of jurisdiction, noting the absence of an appealable final order, interlocutory order, or collateral order.  Plaintiffs now move for entry of final judgment as to the government pursuant to Federal Rule of Civil Procedure 54(b).

II.

Federal Rule of Civil Procedure 54(b) provides pertinently as follows:

> When more than one claim for relief is presented in an action . . . or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

Fed. R. Civ. P. 54(b).  Final judgment is appropriate respecting plaintiffs' claims against the government.  From the court's and the parties' perspectives, all claims against the government have now finally terminated in this action absent modification on appeal.

The remainder of the Rule 54(b) inquiry is governed by Braswell Shipyards, Inc. v. Beazer East, Inc., 2 F.3d 1331, 1335-36 (4th Cir. 1993), and its progeny.  After noting that

2

piecemeal appeals are disfavored, the court of appeals in <u>Beazer</u>

<u>East</u> set forth the following factors to guide the district

court's analysis of whether there is lacking any just reason for

delaying the entry of final judgment:

> "(1) the relationship between the adjudicated and
> unadjudicated claims; (2) the possibility that the need
> for review might or might not be mooted by future
> developments in the district court; (3) the possibility
> that the reviewing court might be obliged to consider
> the same issue a second time; (4) the presence or
> absence of a claim or counterclaim which could result
> in a set-off against the judgment sought to be made
> final; (5) miscellaneous factors such as delay,
> economic and solvency considerations, shortening the
> time of trial, frivolity of competing claims, expense,
> and the like."

<u>Braswell Shipyards, Inc. v. Beazer East, Inc.</u>, 2 F.3d 1331,

1335-36 (4th Cir. 1993).

Regarding the relationship between the adjudicated and

unadjudicated claims, the first amended complaint contained three

counts.  Count I alleged the intentional infliction of emotional

distress against Coger.  (Am. compl. ¶¶ 51-56).  Plaintiffs

further alleged in that Count "[t]he United States is vicariously

liable for Coger's intentional conduct, because Coger acted

within the scope of his employment."  (Am. compl. ¶ 57).  Count

II alleged the government negligently hired, retained, and

supervised Coger during his BOP tenure.  (<u>Id.</u> ¶ 58-61).  Count

III alleged a claim against Coger alone pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau</u>, 403 U.S. 388 (1971).

Count II alleges a claim of direct negligence by the government.  That Count provides, <u>inter alia</u>, as follows: "The Bureau of Prisons . . . knew or should have known that Coger would extort from and prey on inmates and their families, but nevertheless hired, retained, and failed to supervise Coger." (Compl. ¶ 60).  As noted, the court granted summary judgment to the government on Count II based upon the discretionary function exception.  If the court proceeded with trial against Coger alone and he was fully exonerated, a reversal of the disposition of Count II, alleging the government's independent negligence, would necessitate a second trial, perhaps using much of the same evidence.  Alternatively, if Coger were found liable and the same reversal ensued, Count II would, again, require a further trial.

Regarding the possibility that the need for review might or might not be mooted by future developments in the district court, plaintiffs have made clear they intend to appeal the ruling in favor of the government.  The conclusion of trial proceedings against Coger will in no way affect that decision. Even if Coger is exonerated as to Count I, thereby vitiating the government's putative derivative liability, Count II would remain.

4

Regarding the possibility that the reviewing court might be obliged to consider the same issue as to the government's dismissal a second time, the court of appeals' ruling during an interlocutory appeal will produce a final resolution relating to Counts I and II as they relate to the government.  If reversal occurs and the case is remanded, one has difficulty constructing a scenario by which the matters first addressed on appeal would come up for resolution anew in that forum following entry of final judgment after trial.

Regarding the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final, no such set-off is contemplated or, apparently, possible.

Regarding the remaining, catch-all factors, (1) if plaintiffs were to proceed to trial against Coger alone,[1] he will

---

[1]Although plaintiffs have moved for entry of an order scheduling trial following the dismissal of their attempted interlocutory appeal of the summary judgment ruling in favor of the government, they appear to have done so only after having been confronted with a Hobson's choice.  Absent entry now of a Rule 54(b) final judgment necessary for appealing the summary judgment order, plaintiffs must choose either (1) to voluntarily dismiss Coger, the alleged primary wrongdoer in this action, or, instead, (2) to pursue him to trial, despite his apparent judgment-proof status.  (See Pl.'s Mot. for Entry of Sched. Order at 1 (stating "Plaintiffs still intend to appeal this Court's summary judgment order, and in order to do so, need to resolve their claims against Coger.") (emphasis supplied)).

be required to travel to this district for that proceeding and, perhaps, a second trial following appeal if the court's dismissal of the government is reversed, all of which might put his livelihood in jeopardy in view of his job responsibilities previously stated to the court, (2) absent an immediate appeal, all of the associated expenses of two trials are possible, and (3) plaintiffs' real desire is to obtain judgment against the government, an impossibility under present circumstances without (a) a reversal and (b) a second trial.

Inasmuch as the applicable factors weigh in favor of entry of final judgment now as to the government, the court ORDERS as follows:

1. That plaintiffs' motion for entry of final judgment with respect to fewer than all parties be, and it hereby is, granted;

2. That final judgment be, and it hereby is, directed and entered as to plaintiffs' claims against the government inasmuch as there is no just reason for delay; and

3. That the current stay of this civil action be, and it hereby is, continued pending further order.

6

The Clerk is directed to forward copies of this written opinion and order to all counsel of record and to William Coger at his last known address.

DATED: March 6, 2007

John T. Copenhaver, Jr.
United States District Judge